UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL HEDGES,<br><br>        Plaintiff,<br><br>        v.<br><br>YOSEMITE INSURANCE COMPANY, AMERICAN GENERAL FINANCE SERVICES, INC., MR. FERN and OTHERS KNOWN AND UNKNOWN AT THE PRESENT,<br><br>        Defendants. | Case No. 06-cv-510-JPG |

### MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 1) filed by plaintiff Darrell Hedges ("Hedges"):

1. **Failure to allege citizenship of inmate.** A complaint asserting diversity jurisdiction must allege the citizenship of individual parties. 28 U.S.C. § 1332(a)(1). When a suit is brought by or against a prison inmate, the citizenship of the inmate is "the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." *Singletary v. Continental Ill. Nat'l Bank*, 9 F.3d 1236, 1238 (7th Cir. 1993); *see Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). It is not the state in which he is incarcerated. *Singletary*, 9 F.3d at 1238. Hedges has alleged his state of incarceration but not the state of his citizenship.

2. **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). Hedges has alleged the principal places of business of defendants Yosemite Insurance Company and American General

      Finance Services, Inc., but not their states of incorporation.

3.    **Failure to allege the citizenship of an individual.**  A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant.  28 U.S.C. § 1332(a)(1).  Hedges has failed to allege the citizenship of defendant Mr. Fern or the other individual defendants.

      The Court hereby **ORDERS** that Hedges shall have up to and including July 21, 2005**,** to amend the faulty pleading to correct the jurisdictional defects.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Hedges is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.  The Court **RESERVES RULING** on Hedges's motion for leave to proceed *in forma pauperis* (Doc. 2) pending the filing of an amended pleading.

**IT IS SO ORDERED.**
**DATED:  July 6, 2006**

                                    s/ J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**