UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL HEDGES,<br><br>      Plaintiff,<br><br>  v.<br><br>YOSEMITE INSURANCE COMPANY and<br>AMERICAN GENERAL FINANCE<br>SERVICES, INC.,<br><br>      Defendants. | Case No. 06-cv-510-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motions of plaintiff Darrell Hedges ("Hedges") for leave to proceed *in forma pauperis* (Doc. 2) and for leave to file an amended complaint (Doc. 5), which Hedges has already tendered and which the Clerk of Court has already filed (Doc. 6). The Court also addresses jurisdictional deficiencies it noted in its prior order.

**I.      Motion for Leave to File Amended Complaint**

Hedges seeks leave of court where none is required. A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). The defendant has not filed an answer in this case. Thus, Hedges does not need leave of court to file an amended complaint. Accordingly, the Court hereby **DENIES as moot** the motion for leave to file an amended complaint (Doc. 5). The amended complaint on file is now the operative pleading in this case.

**II.     Motion for Leave to Proceed *In Forma Pauperis***

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma*

*pauperis* or can dismiss a case if the action is clearly frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).  When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

Before the Court can address the substance of Hedges's request it must have more information.  Hedges has sworn that he is indigent, but he has not provided the Court with any other evidence regarding the particulars of his indigency, as the Court requires before it will grant *in forma pauperis* status.  Accordingly, the Court **DIRECTS** the Clerk of Court to send Hedges a copy of the form "Motion for Leave to Proceed *in forma pauperis* and Supporting Declaration," and **ORDERS** that Hedges shall have up to and including August 18, 2006, to complete and file that document as a supplement to his original motion for leave to proceed *in forma pauperis*.  The Court **RESERVES RULING** on Hedges's motion for leave to proceed *in forma pauperis* (Doc. 2) until after August 18, 2006.

**IT IS SO ORDERED.**
**DATED:  July 25, 2006**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
