UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRELL HEDGES,

     Plaintiff,

     v.

YOSEMITE INSURANCE COMPANY, AMERICAN GENERAL FINANCE SERVICES, INC., MR. FERN and OTHERS KNOWN AND UNKNOWN AT THE PRESENT,

     Defendants.

Case No. 06-cv-510-JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. In addition to the jurisdictional issues already raised, the Court has noted the following defect in the jurisdictional allegations of the Amended Complaint (Doc. 6) filed by plaintiff Darrell Hedges ("Hedges"):

• **Failure to allege the requisite amount in controversy.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. It appears from the allegations in the Amended Complaint that Hedges's interest in the property in issue may not satisfy the jurisdictional minimum amount in controversy.

The Court hereby **ORDERS** that Hedges shall have up to and including September 30, 2006**,** to file an affidavit or other evidence showing the approximate value of the property at 22300 North Fern Lake Road, including the house and real estate, immediately prior to the fire. Failure to file satisfactory evidence may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Court **RESERVES RULING** on Hedges's motion for leave to proceed *in forma pauperis* (Doc.

2) pending the filing of the additional requested documentation.

**IT IS SO ORDERED.**
**DATED:  September 13, 2006**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**