IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL HEDGES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YOSEMITE INSURANCE COMPANY )<br>and AMERICAN GENERAL FINANCE )<br>SERVICES, INC., )<br>)<br>Defendants. ) | Case No. 3:06-CV-510-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendants Yosemite Insurance Company ("Yosemite") and American General Finance Services, Inc. ("American General") to compel arbitration and dismiss this case (Doc. 20). Plaintiff Darrell Hedges has responded to the motion (Doc. 24).

The Court construes the motion to dismiss as pursuant to Federal Rule of Civil Procedure 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405.

As a preliminary matter, the defendants' motion to dismiss refers to matters outside the pleadings – a mortgage agreement, a promissory note and an insurance policy. Ordinarily, when such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may not consider the material unless it converts the motion to dismiss into a motion for summary judgment and gives the parties fair warning that it is doing so and an opportunity to respond. However, there is an exception to this general rule where the attached material is expressly referenced in the complaint and is central to the plaintiffs' claim. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)

(citing *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)). The documents attached to the defendants' motion fall into this exception, and the Court will therefore consider those documents in ruling on the pending motion to dismiss.

I.      **Background**

This matter arose after a fire destroyed Hedges's property on December 7, 2002. Hedges had earlier obtained a mortgage loan ("Mortgage") from American General using the property as collateral, but had failed to maintain insurance on the property as required by the Mortgage and the related note ("Note"). American General had then obtained an insurance policy ("Policy") from Yosemite, one of its affiliates, to protect its interest in the collateral securing Hedges's loan and charged Hedges for the insurance premiums, as provided in the Note. The Policy listed American General as a primary insured and Hedges as an additional insured. After the fire, American General and Hedges both made claims on the Policy.

Investigators determined, Hedges believes incorrectly, that the fire had been the result of an accidental spill during the process of manufacturing methamphetamine. However, when Hedges filed his insurance claim, he did not disclose that as the cause of the fire. In Yosemite's opinion, by failing to identify the true cause of the fire Hedges had acted fraudulently or made false statements relating to the insurance in violation of the Policy. As a consequence, it denied Hedges's insurance claim. It accepted American General's claim, however, and paid the full amount of the Policy. It also assumed the Mortgage and the Note from American General pursuant to the Policy, and commenced foreclosure proceedings. Yosemite eventually sold the property at auction. Hedges was left with no property and no insurance money. He filed this suit alleging that the defendants' various dealings with him violated state contract and tort law.

II.     **Analysis**

The defendants filed the pending motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, relying on arbitration provisions contained in the Note, and to dismiss this case. The arbitration provisions in the Note include the following:

> You [Hedges] or Lender [American General] can elect to have 'Covered Claims' (as defined below) be resolved by binding arbitration in accordance with the Arbitration

> Provisions, except for matters not covered by arbitration (as provided below). . . .  If you bring a Covered Claim against Lender in court . . . Lender can choose to have that Covered Claim resolved by binding arbitration. . . .
>
> **YOU UNDERSTAND THAT YOU ARE VOLUNTARILY WAIVING YOUR RIGHT TO A JURY OR JUDGE TRIAL FOR SUCH DISPUTES.**
>
> DEFINITION OF COVERED CLAIMS:  "Covered Claims" are any and all claims and disputes not expressly excluded by the Arbitration Provisions that have arisen or may arise between:  you and Lender; you and Lender's affiliates; or you and the employees, agents, officers, or directors of Lender or its affiliates.  Covered Claims include, without limitation, all claims and disputes arising out of, in connection with, or relating to your loan from Lender today; . . . any insurance product . . . purchased in connection with this . . . loan; . . . any claim or dispute based on an allegation of fraud or misrepresentation; . . . [and] any claim or dispute based on a contract or an alleged tort. . . .  An "Affiliate" means any company that Lender controls, that control [sic] Lender, or that is under common control with Lender.
>
> SUBMISSION OF THIRD PARTY CLAIMS:  If either you or Lender choose arbitration, then you and Lender agree to submit to arbitration all claims or disputes that you or Lender may have against (a) all other persons or entities involved with any transaction described under the definition of Covered Claims, (b) all persons or entities who signed or executed any of the documentation relating to any transaction described under the definition of Covered Claims, and (c) all persons or entities who may be liable to either you or Lender regarding any transaction described under Covered Claims.

The Note also provides that Hedges and American General agree that the loan involves interstate commerce and is governed by the FAA, and that the Note applies to the assigns and successors of either party.  Immediately above Hedges's signature on the Note is the following:

> BY SIGNING BELOW, YOU HAVE READ, UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS IN THIS DOCUMENT, INCLUDING THE ARBITRATION PROVISIONS THAT PROVIDE, AMONG OTHER THINGS, THAT EITHER YOU OR LENDER MAY REQUIRE THAT CERTAIN DISPUTES BETWEEN YOU AND LENDER BE SUBMITTED TO BINDING ARBITRATION.  IF YOU OR LENDER ELECTS TO USE ARBITRATION, BOTH YOU AND LENDER WILL HAVE WAIVED YOU [sic] AND LENDER'S RIGHT TO A TRIAL BY A JURY OR JUDGE, THE DISPUTE WILL BE DECIDED BY AN ARBITRATOR AND THE DECISION OF THE ARBITRATOR WILL BE FINAL.  ARBITRATION WILL BE CONDUCTED PURSUANT TO THE RULES OF THE NATIONAL ARBITRATION FORUM.

Hedges does not dispute that he agreed to the arbitration provisions in the Note or that they cover the issues in this case.  Instead, he argues that when Yosemite did not take him up on his offer in a July 5, 2006, letter to discuss the matter with an eye towards settling it, the defendants forfeited their right to demand arbitration of the matter.

The FAA compels the Court to enforce the arbitration provisions in the Note, and as a

consequence it will dismiss this case.  The FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary."  *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *accord Perry v. Thomas*, 482 U.S. 483, 488 (1987).  The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable. . . ."  9 U.S.C. § 2; *see Buckeye Check Cashing, Inc. v. Cardegna*, 126 S. Ct. 1204, 1207-08 (2006);  *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53 (7th Cir. 1995).  An arbitration clause must be enforced "unless the agreement to arbitrate is not part of a contract evidencing interstate commerce or is revocable 'upon such grounds as exist at law or in equity for the revocation of any contract.'"  *Perry*, 482 U.S. at 489 (quoting 9 U.S.C. § 2).  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  *Moses H. Cone*, 460 U.S. at 24-25; *accord County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 823 (7th Cir. 2006).

       The matters in this case are covered by the Note's written arbitration provisions.  The dispute is clearly between Hedges, American General and an affiliate of American General – Yosemite – and relates to the Mortgage, the Note and the insurance policy foreseen by and provided for in the Note.  It is a claim alleging fraud and misrepresentation and brings both tort and contract claims.  For each of these reasons, the disputes are "Covered Claims" as defined in the Note and are therefore arbitrable.

       The defendants have also established that the funds used to make the loan to Hedges in connection with the Note were involved in interstate commerce, so the transactions involved in this case involved interstate commerce.  In addition to the term in the agreement so providing, the Court notes that the defendants are Indiana corporations operating in Indiana that loaned money to Hedges secured by Illinois property.  This is itself an interstate transaction.

       Finally, Hedges's signature on the Note, which contained a clear explanation of and

warning about the arbitration provisions, establishes that he agreed to the arbitration provisions when he executed the Note.

Hedges has not challenged the scope of the arbitration provisions, their validity or the connection of the relevant documents to interstate commerce, and his forfeiture argument has no merit.  Forfeiture is the failure to timely assert a right.  *See United States v. Woods*, 301 F.3d 556, 561 (7th Cir. 2002).  The defendants' failure to respond to Hedges's July 5, 2006, letter could in no way be construed as failing to timely assert their right to require arbitration.  The time to assert a right to arbitration was when Hedges committed himself to taking a contrary course of action, that is, when he sued them.  After they were served with process, formally bringing them into this case, the defendants promptly moved to compel arbitration.  They did not forfeit their right to arbitration simply by failing to negotiate with Hedges before he filed suit.

### III.   Conclusion

For the foregoing reasons, the Court finds that the arbitration provisions in the Note are enforceable and that Hedges must seek his remedy, if at all, in arbitration before the National Arbitration Forum pursuant to the terms of the Note.  Hedges is unable to prevail in this case under any set of facts consistent with those in the complaint, and all of his claims are subject to arbitration, with nothing more for a court to do.  The Court therefore **GRANTS** the defendants' motion to dismiss (Doc. 20), **DISMISSES** this case **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**SO ORDERED:**

                                            s/ J. Phil Gilbert
                                            **UNITED STATES DISTRICT COURT JUDGE**

**Dated:  February 22, 2007**