IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRELL HEDGES,                          )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )      Case No. 3:06-CV-510-JPG
                                         )
YOSEMITE INSURANCE COMPANY               )
and AMERICAN GENERAL FINANCE             )
SERVICES, INC.,                          )
                                         )
            Defendants.                  )

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Darrell Hedges's ("Hedges") motion for

reconsideration (Doc. 27) of the Court's order and judgment dismissing this case (Docs. 25 &

26).  The defendants have responded to the motion (Doc. 32).  As a preliminary matter, the Court

construes Hedges's motion to be pursuant to Federal Rule of Civil Procedure 59(e).  Where a

substantive motion for reconsideration is filed within ten days of entry of judgment, as this

motion was, the Court will generally construe it as a motion pursuant to Rule 59(e);  later

motions will be construed as pursuant to Rule 60(b).  *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir.

1994);  *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

Under Rule 59(e), a court has the opportunity to consider newly discovered material

evidence or intervening changes in the controlling law or to correct its own manifest errors of

law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876

(7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006);  *Divane v.

Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999).  It "does not provide a vehicle for a party to

undo its own procedural failures, and it certainly does not allow a party to introduce new

evidence or advance arguments that could and should have been presented to the district court

prior to the judgment."  *Moro*, 91 F.3d at 876.  Rule 59(e) relief is only available if the movant

clearly establishes one of the foregoing grounds for relief.  *Harrington*, 433 F.3d at 546 (citing

*Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

The Court dismissed this case because Hedges had agreed to submit the disputes in this

case to arbitration when he agreed to the Note in connection with a mortgage from defendant American General Finance Services, Inc. ("American General").  The Note provided that Hedges would arbitrate all covered disputes with American General or its affiliates, one of which is Yosemite Insurance Company ("Yosemite").  Hedges now admits that his dispute with American General is subject to arbitration but contends that his dispute with Yosemite is not because Yosemite was not a party to the Note.

Hedges has failed to present an adequate basis for reconsideration of the Court's judgment.  First, he presents only arguments that could have and should have been made in his original opposition to the defendants' motion to dismiss.  He presents no newly discovered evidence and has pointed to no change in the controlling law or manifest error of law or fact made by the Court prior to judgment.  Thus, relief is not available under Rule 59(e).  Second, even if the Court were to consider Hedges's new argument, it would reject it for the reasons set forth in the Court's original order:  Hedges agreed to arbitrate covered disputes he had with American General *as well as those he had with American General's affiliates like Yosemite.*

For these reasons, the Court **DENIES** Hedges's motion for reconsideration (Doc. 27).

**SO ORDERED:**

s/ J. Phil Gilbert

**UNITED STATES DISTRICT COURT JUDGE**

**Dated:  May 31, 2007**